# In the United States District Court
## For the
## Western District of Wisconsin

Mikayla Marie LeRette,

    Plaintiff,

v.                                                                         Case No. 25-cv-183

The City of Superior, Wisconsin, and Thomas Champaigne,

    Defendants.

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil rights action. One claim arises under the 42 U.S.C. Sec. 1983 and the Fourth Amendment to the United States Constitution and seeks relief for the unlawful warrantless placement of an electronic tracking device on Plaintiff's assigned vehicle. The other claim arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 and seeks relief for the unlawful failure of the Defendant City to provide the Plaintiff with an adequate place to express breast milk during the months after the birth of her first child in violation of 29 U.S. Code § 218d.

1

## II.     JURISDICTION AND VENUE

201.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (Fair Labor Standards Act jurisdiction).

202.    The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III.    PARTIES

### A.     Plaintiff

301.    The Plaintiff, Mikayla Marie LeRette, is a natural person and an adult with the capacity to sue in this Court.

### B.     Defendants

301.    Defendant City of Superior, Wisconsin, is a Wisconsin city with the capacity to sue and be sued in this Court.  Defendant City of Superior is liable for the unlawful acts of the Defendant Champaigne because he was acting within the scope of his employment pursuant to Sec. 895.46, Wis. Stats.  The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of City of Superior.

301.    The Defendant, Thomas Champaigne, is a former police captain for the city of Superior, Wisconsin. At all times relevant to this lawsuit, Defendant

Champaigne was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

## IV.   ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

### A.   Fair Labor Standards Act Claim.

401. In 2022, Plaintiff Mikayla Marie LeRette was employed as a police officer for the City of Superior, Wisconsin.

402. In 2021, Plaintiff LeRette became pregnant.

403. In August, 2022, Plaintiff LeRette went on maternity leave to give birth to her first child.

404. In November of 2022, Plaintiff LeRette informed her immediate superior, Lieutenant Michelle Pope, that when she returned to work, she would have a need to express her breast milk during the working day and would need breaks from work and a suitable place to do so.

405. Plaintiff LeRette asked Lieutenant Pope for a lactation area that would be sufficient for this purpose.

406. There was no area within the police department designated for lactating mothers.

407. Because there was no better alternative offered to her by her superiors, Plaintiff LeRette agreed to put a chair in the women's locker room (which includes toilets, sinks, and showers, and almost no privacy).

408. Because there was no better alternative offered to her by her superiors, Plaintiff LeRette said she would place a chair behind a curtain in the shower stall, use an extension cord to connect the pump to electricity in the shower area.

409. No appropriate or legal space was provided for Plaintiff LeRette despite her notifying her Chief of Police that the space made available for her violated federal law.

410. From November of 2022 until September of 2023 Plaintiff LeRette experienced countless interruptions while expressing breast milk, including interruptions from male janitorial staff, male members of the police department and Lieutenant Pope entering the shower stall and turning the lights off on Plaintiff LeRette while she was lactating and sighing loudly in disgust while doing so.

**B.     Fourth Amendment Claim**

411. On February 28, 2024, Plaintiff LeRette was still employed as an investigator for the City of Superior Police Department.

412. One of her superiors was the defendant, Captain Thomas Champaigne.

413. On or before that date, defendant Champaigne placed an electronic tracking device on the police vehicle that had been assigned to plaintiff LeRette and made available for her use.

414. Captain Champaigne did not have a warrant authorizing the installation of the tracking device.

4

415. A few days after the tracking device was installed, plaintiff LeRette surrendered her assigned police vehicle for some repair work.

416. Captain Champaigne at that time removed the electronic tracking device from plaintiff LeRette's assigned police vehicle and installed it on the vehicle that was temporarily assigned for her use while her regular vehicle was in the shop for repairs.

417. Captain Champaigne did not have a warrant to install electronic tracking device on the vehicle that was temporarily assigned to plaintiff LeRette.

418. Captain Champaigne has stated that he removed the tracking device on March 8, 2024, due to his pending retirement.

419. However, an investigation of plaintiff LeRette commissioned by the Superior Police Department purports to have found that an electronic tracking device was still being used on plaintiff LeRette's assigned police vehicle as of March 25, 2024.

420. It is unknown when the unlawful practice was terminated.

421. Plaintiff LeRette never consented to the installation of any tracking devices on her assigned police vehicle.

## V.    BASIS OF LIABILITY

### A.    Fair Labor Standards Act.

#### 1.    Lactation Violation.

501.   The Defendant, City of Superior, violated Plaintiff LeRette's rights to be afforded reasonable breaks from work and reasonable facilities to express her breast milk after she returned to work from maternity leave on or about November 22, 2022.

### C.    Fourth Amendment

#### 1.    Individual Defendant

502.   The installation of an electronic tracking device on Ms. LeRette's assigned police vehicle violated rights secured to her by the Fourth Amendment to the United States Constitution. *United States v. Jones*, 565 U.S. 400 (2012); *United States v. Felton*, No. 19-CR-30035, 2021 WL 3722288, at *5 (C.D. Ill. Aug. 23, 2021).

#### 2.    Sec. 895.46, Wis. Stats.

503.   Defendant City of Superior, Wisconsin, is liable for the unlawful acts of Defendant Champaigne because he was acting within the scope of his employment pursuant to Sec. 895.46, Wis. Stats.  The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Superior.

.

## VI.  DAMAGES.

### A.  Compensatory Damages.

601.  By virtue of the unlawful actions of the Defendant alleged above, the Plaintiff suffered injury, for which she seeks an award of compensatory damages in an amount deemed just by the Court.

### D.  Punitive Damages

602.  Because the acts of the individual Defendant herein alleged were carried out with reckless disregard for the Plaintiff's fundamental rights, the Plaintiff also seeks an award of punitive damages against the Defendants to deter them and others similarly situated from committing similar wrongful acts in the future.

## VII.  CONDITIONS PRECEDENT

701.  All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court to grant a judgment against the Defendants awarding her damages, costs, attorney's fees and such other and further relief as the Court deems just.

Dated this Friday, March 7, 2025.

Respectfully submitted,

Mikayla Marie LeRette,

Plaintiff,

By

GONDIK LAW, S.C.
RICHARD S. GONDIK, JR.
State Bar Number 1011331
1215 Belknap St.
Superior, WI 54880-2820
Phone: (715) 395-3180
Fax: (715) 394-7786
Email: richardgondik@gmail.com


THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI 53597-2502
Phone: 608 283-6001
Fax: 608 283 0945
E-mail: jsolson@scofflaw.com


/s/   Jeff Scott Olson
_____

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF