# In the
# United States District Court
## For the
## Western District of Wisconsin

---

Mikayla Marie LeRette,

       Plaintiff,

    v.                                                  Case No. 3:25-cv-00183-jdp

The City of Superior, Wisconsin, and,
In Their Individual Capacities,
Thomas Champaigne, John Kiel,
Jeffrey Harriman and Michelle Pope,

       Defendants.

---

**Plaintiff's Combined Reply Brief in Support of Motion for Leave to File
Second Amended Complaint and
Brief in Response to Defendants' Motion to Dismiss and for Sanctions**

---

### Contents

Argument ............................................................................................................ 2

  I.   Sanctions Are Not Warranted. .................................................................... 2

    A.   The Tracker Claim is not Sanctionable. ................................................. 3

    B.   The Claim Alleging Failure to Provide an Appropriate Place for Lactation is not Sanctionable. ............................................................................... 7

      1.   The Defendants Have Waived their Notice Defense to the Lactation Claim.8

  II.   The Plaintiff's Proposed Second Amended Complaint is not Futile because it Adequately Pleads the Challenged Causes of Action. ................................... 12

  III.   Permitting the Plaintiff to File the Second Amended Complaint will not Prejudice any Defendant. ............................................................................ 15

A.      The Defendants are not Prejudiced by the Correction of a Factual Error. ...... 16

B.      *Hindo v. University of Health Sciences*, 65 F.3d 608 (7th Cir. 1995) Does Not Support Rejection of the Second Amended Complaint.................................................. 17

    1.      The First Amended Complaint is not a "sure loser." ..................................... 18

    2.      No Adjustment of the Trial Schedule will be Necessary. ............................. 18

Conclusion ........................................................................................................................ 20

## Argument

### I.      Sanctions Are Not Warranted.

Even if the Court were to deny the Plaintiff's motion for leave to amend the

complaint, it should not grant the motion for sanctions because the Plaintiff's claims

were "warranted by existing law" within the meaning of Rule 11(b)(1) Fed. R. Civ. Pro.

"Rule 11(b) prohibits the filing of frivolous claims." *United States v. Rogers Cartage Co.*,

794 F.3d 854, 863 (7th Cir. 2015). Courts evaluate whether there is a Rule 11 violation

under "an objective standard of reasonableness." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*,

850 F.3d 880, 885 (7th Cir. 2017). "Fed. R. Civ. P. 11(c) allows courts to enforce Rule 11(b)

by imposing sanctions on an attorney or party for frivolous filings or filings presented

for an improper purpose." *Granite State Ins. Co. v. Pulliam Enters.*, Inc., No. 3:11-CV-432-

RL-CAN, 2015 WL 8904807, at *5 (N.D. Ind. Nov. 17, 2015) (collecting cases). "Rule 11

provides that if an attorney or party signs documents that are being presented for an

improper purpose (such as to harass, cause unnecessary delay, or needlessly increase

the cost of litigation), or the claims are not warranted by existing law or a nonfrivolous

argument, a court may impose an appropriate sanction." *McInnis v. Veteran's Village*, No. 2:21-CV-127-PPS-JPK, 2022 WL 815209, at *5 (N.D. Ind. Mar. 17, 2022).

### A.     The Tracker Claim is not Sanctionable.

The Fourth Amendment claim admittedly emphasized the lack of a warrant when, as explained at length in the Plaintiff's Motion for Leave to File the Second Amended Complaint (dkt. # 17), the proper legal test was whether the search was justified at its inception. Moreover, the placement of the tracker was simply one aspect of "a wide-ranging campaign of discrimination against the Plaintiff after she took leave for pregnancy and childbirth" in violation of the Equal Protection Clause. (First Amended Complaint, dkt. # 13, ¶ 101.) Notably, the Defendants do not seek sanctions for, or otherwise challenge, at this point, the Equal Protection claim.

So this was, at worst, a failure to plead a proper legal theory. But the Seventh Circuit has a

> strong commitment to the idea that a plaintiff need not plead legal theories in her complaint. *See, e.g., Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir.2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir.1999) ("We have consistently held that plaintiffs are not required to plead legal theories. While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all.") (citations omitted). In light of our liberal pleading principles, it appears that no amendment to the complaint would have been necessary for Plaintiff–Appellant to allege a Fourth Amendment claim.

*King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014).

As in *King*, no amendment was necessary to add a legal theory. The amendments sought merely serve to more finely tune the notice provided by the pleadings to the Court and the Defendants as to where the Plaintiff is going, but that notice specifying the Plaintiff's legal theory is provided gratuitously, as it is not required at this point. *See also Kennedy v. National Juvenile Detention Assn.*, 187 F.3d 690 (7th Cir. 1999)(collecting cases).

The Defendants' motion also mentions the defense of qualified immunity. (Dkt. # 18, 4-6.) A qualified immunity defense is normally presented on summary judgment, but can also be presented in a motion to dismiss. *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997). "[D]ismissal of a plaintiff's complaint on qualified immunity grounds is appropriate if, taking the facts alleged in the light most favorable to the plaintiff, the defendant is entitled to qualified immunity as a matter of law." Sabo v. Erickson, 128 F.4th 836, 843 (7th Cir. 2025)(*en banc*).

Courts tread carefully when asked to rule on qualified immunity at the pleadings stage, as a recent opinion by Judge Conway illustrates:

> Qualified immunity likewise often depends on the specific facts of the case, which must be developed as the case progresses. At this stage, the court can say only that the allegations in the amended complaint fail to show that defendants Wilz, Artz, and Thobaben are entitled to qualified immunity. *See Reed v. Palmer*, 906 F.3d 540, 549–551 (7th Cir. 2018) (explaining that "the district court acted prematurely in deciding [the defendant]'s entitlement to qualified immunity at the motion to dismiss stage" because "the present [factual] record [renders it] impossible to determine whether such a constitutional violation occurred in plaintiffs' cases.").

> The defendants' argument for dismissal of Claim II raises issues both factual and legal questions. "The court declines to resolve these legal and factual questions on the instant motion to dismiss. Such disputes are better addressed on summary judgment after the parties have had the benefit of engaging in discovery and the court has the benefit of a more complete record." *Appvion, Inc. v. Richards*, No. 18-C-1861, 2025 WL 346736, at *5 (E.D. Wis. Jan. 30, 2025) Accepting Kraeger's allegations as true, Kraeger's Claim II states a plausible claim for First Amendment retaliation. Accordingly, the defendant's motion to dismiss Claim II will be denied.

*Kraeger v. Waupaca County,* No. 24-CV-883, 2025 WL 889440, at *5 (E.D. Wis. Mar. 21, 2025).

The only argument the Defendants have advanced is based on a Wisconsin Privacy Act case, *Evans v. Amazon.com, Inc.*, 759 F. Supp. 3d 891 (E.D. Wis. 2024). As shown in the Plaintiff's Motion to Amend (dkt. # 17, at 4-9), that one case comes nowhere near resolving the issues of liability or immunity for the sort of search alleged here. "Arguments that are not developed in any meaningful way are waived." *Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir.1999).

If placement of the tracker was part of an unlawful campaign of discrimination and harassment, it is actionable as part of the Plaintiff's Equal Protection claim, which is not challenged, and if a reasonable jury could find that this search was not justified at its inception because it was not likely to generate and truly useful information, it was a Fourth Amendment violation under the authorities discussed in the Plaintiff's Motion

to Amend. The Defendants nowhere contend that this law was not clearly established at the relevant time.

The record is not developed on the issue of whether the tracker was capable of generating any useful evidence of employee misconduct on Ms. LeRette's part. The Plaintiff contends that is was not because, since she was allowed to work from home, it could provide no information about the time of day at which she commenced work on any given day. (Dkt. # 17-2, ¶¶ 4068-4071.) If that is true and the Defendants have no other argument, the search would clearly violate the rule from *City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010) that:

> When conducted for a noninvestigatory, work-related purpos[e] or for the investigation of work-related misconduct, a government employer's warrantless search is reasonable if it is justified at its inception and if the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the circumstances giving rise to the search.

*Quon*, 560 U.S. at 761-62 (quoting *O'Connor*, 480 U.S. at 725-26, 107 S.Ct. 1492).

No defense argument that the search passes this test has been advanced thus far, and no new arguments are permitted on reply, so any defense effort to show that the search passes this test of reasonableness, or comes close enough that qualified immunity bars the Plaintiff's Fourth Amendment claim, will have to wait for some new motion, hopefully, a motion for summary judgment after the evidence has been explored.

**B.      The Claim Alleging Failure to Provide an Appropriate Place for Lactation is not Sanctionable.**

Similarly, the lactation claim was proper as long as it was supported by the facts alleged. To survive a Rule 12(b)(6) motion, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). This Court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Bilek v. Federal Insurance Co.*, 8 F.4th 581, 584 (7th Cir. 2021). The facts must be considered as favorably to the Plaintiffs as reason allows. *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009), the court analyzed the Supreme Court's recent decisions governing the disposition of Rule 12(b)(6) motions, including its most recent pronouncements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Id.*, 578 F.3d at 580.  The court began with Rule 8, which states in relevant part: "A pleading that states a claim for relief must contain: ... a

short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a). The court noted: "The Rule reflects a liberal notice pleading regime,

which is intended to 'focus litigation on the merits of a claim' rather than on

technicalities that might keep plaintiffs out of court." *Id.*, quoting *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 514 (2002).

The Defendants argue that the First Amended Complaint was sanctionable

because it insufficiently alleged that notice of the violation was given to the City. But a

complaint "need not allege each evidentiary element of a legal theory to survive a

motion to dismiss." *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d

961, 965 (7th Cir. 2019) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–14 (2002)).

It bears emphasizing that "[a] federal complaint need not include all of the evidence to

prove a claim." *Schneider v. City of Chicago*, No. 22 CV 1031, 2023 WL 8019434, at *2, n. 2

(N.D. Ill. Nov. 20, 2023). "A complaint need not 'allege all, or any, of the facts logically

entailed by the claim,' and it certainly need not include evidence." *Tamayo v. Blagojevich*,

526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.

1998)).

### 1. The Defendants Have Waived their Notice Defense to the Lactation Claim.

"Under Rule 9(c), a party may generally aver that all conditions precedent have

been performed; however, a denial by the opposing party of a condition precedent

"shall be made specifically and with particularity." *Fort Howard Paper Co. v. Standard Havens, Inc.*, 119 F.R.D. 397, 403 (E.D. Wis. 1988), *aff'd,* 901 F.2d 1373 (7th Cir. 1990).

It would appear that the ten-day notice requirement of 29 U.S.C. § 218d(g)[1] is a condition precedent to suit within the meaning of Rule 9(c). The Defendants' Motion for Sanctions says, "Courts have recognized this requirement as a mandatory precondition to suit" (dkt. # 18, at 6)(although the Defendants do not say which courts or cite any cases). "Rule 9(c) only requires a denial of those matters that must be performed or have occurred as a prerequisite to suit." *Fort Howard Paper Co. v. Standard Havens, Inc.*, 119 F.R.D. 397, 403 (E.D. Wis. 1988), quoting Wright and Miller, *Federal Practice and Procedure*, § 1304 (1969) (footnotes omitted). "A condition precedent is a fact that must exist before a duty to perform arises." *Sharma v. Skaarup Ship Mgmt. Corp.*, 699 F. Supp. 440, 448 (S.D.N.Y. 1988), aff'd, 916 F.2d 820 (2d Cir. 1990). Courts treat the EEOC's

---

[1] 29 U.S.C. § 218d(g) reads:

(g) Notification prior to commencement of action

(1) In general

Except as provided in paragraph (2), before commencing an action under section 216(b) of this title for a violation of subsection (a)(2), an employee shall—

(A) notify the employer of such employee of the failure to provide the place described in such subsection; and

(B) provide the employer with 10 days after such notification to come into compliance with such subsection with respect to the employee.

9

obligation to attempt conciliation efforts prior to the EEOC's filing of a Title VII lawsuit

as a condition precedent subject to Rule 9(c). *Equal Emp. Opportunity Comm'n v. Rosebud*

*Restaurants, Inc.*, No. 13-CV-06656, 2015 WL 5852925, at *1 (N.D. Ill. Oct. 7, 2015). Filing

a charge of discrimination with the EEOC is a "condition precedent with which Title VII

plaintiffs must comply." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

In the First Amended Complaint, the Plaintiffs alleged:

VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

(First Amended Complaint, dkt. # 13, ¶ 701.)

The Defendants' answer to this allegation was:

Answering paragraph 701, lack knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same putting the plaintiff specifically to her proof thereon.

(Answer to First Amended Complaint, dkt. # 14, ¶ 701.)

Rule 9(c) of the Federal Rules of Civil Procedure provides,

(c) Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

General allegations like that in the complaint are uniformly found to comply

with the rule. *Mortenson v. Nat'l Union Fire Ins. Co.*, No. 99 C 2419, 1999 WL 608709, at *2

(N.D. Ill. Aug. 4, 1999)(general allegation of compliance with conditions precedent to

recovery in insurance policy); *Unilever United States, Inc. v. Johnson Controls, Inc.*, No. 16-

CV-01849, 2017 WL 622209, at *7 (N.D. Ill. Feb. 15, 2017)("Based on Rule 9(c), courts in this district have held that the Rule 8 pleading standard enunciated in *Twombly* and *Iqbal*, *supra*, does not govern pleading compliance with conditions precedent.')

Where a general allegation that conditions precedent have been performed or occurred has been made, a failure to state specifically how this is not accurate is a waiver of the related defense:

> It should first be noted that each of these plaintiffs have alleged in their complaint that they have completed all conditions precedent to receipt of payment. Rule 9(c) of the Federal Rules of Civil Procedure requires that denial of a performance or occurrence of a condition precedent be pleaded specifically and with particularity. At no point in the two-and-a-half year history of this case have the defendants set forth such a denial; thus the allegations [that any conditions precedent had been satisfied] must be taken as admitted.

*Midland Eng'g Co. v. John A. Hall Const. Co.*, 398 F. Supp. 981, 991 (N.D. Ind. 1975).

Accordingly, the Defendants have waived any defense related to the Plaintiff's noncompliance with the statutory notice conditions precedent in the FLSA, and the Court need not consider the defense. This result is required by rule 8(b)(6)("*Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.*") *See, e.g., Fort Howard Paper Co. v. Standard Havens, Inc.*, 119 F.R.D. 397 (E.D. Wis. 1988) (7th Cir. 1990):

> Under Rule 9(c), a denial of a condition precedent that is not made specifically and with particularity must be stricken. Under Rule 8(c), any affirmative defense not pled is waived.

11

*Id.*, 119 F.R.D. at 405 (cleaned up).

**II.    The Plaintiff's Proposed Second Amended Complaint is not Futile because it Adequately Pleads the Challenged Causes of Action.**

The Defendants are right that a district judge can and probably should deny a motion for leave to amend a complaint where the amendment is futile because the existing complaint fails to allege a cause of action and this failure would not be cured by the proposed amendment. (Defendants' Brief, dkt. # 21, at 3.) They are wrong, though in their assertion that "The Plaintiff's amendments merely attempt to bolster existing allegations without addressing the substantive issues raised in the Defendants' Motion for Sanctions." (*Id*.)

This is untrue. The following table illustrates the ways the Second Amended Complaint addresses the Defendants' objections.

| Defendants' Argument | How Addressed in Second Amended Complaint | Defendants' Response in Their Brief (Dkt. # 21.) |
|---|---|---|
| No expectation of privacy = no Fourth Amendment Violation. (Dkt. # 18 at 5-6) | The Second Amended Complaint pleads facts to demonstrate that the search represented by the installation of the tracking device was not "justified at its inception" within the meaning of *O'Connor v. Ortega*, 480 U.S. 709, 720 (1987).[2] | No response. |

---

[2] These new allegations are:

    4068.    The installation of the tracking device was an unreasonable search in violation of the Fourth Amendment because it was not "justified at its inception." O'Connor v. Ortega, 480 U.S. 709, 725-726 (1987) since it could provide no meaningful information concerning whether Plaintiff LeRette was putting in less than her required number of work hours.

    4069.    Lake Superior Violent Offender Task Force members and Superior Police Department Narcotics Investigators were commonly permitted to work from home and were expected to work flexible hours, meaning that they were not expected to start and stop work at predetermined set times of day, since they were often required to respond to unexpected communications or developments that it was impossible to plan for, whether these communications and developments occurred within any set of stated working hours.

    4070.    Thus, a tracking device that could provide information to Plaintiff LeRette's superiors about what time she left home provided no conclusive information about what time she began her work on a given day.

    4071.    The installation of the tracking device was not part of a good faith investigation of suspected employee misconduct, but rather part of a campaign of discrimination and retaliation waged against Plaintiff LeRette because of her sex, pregnancy, childbirth, and maternity.

| Defendants' Argument | How Addressed in Second Amended Complaint | Defendants' Response in Their Brief (Dkt. # 21.) |
|---|---|---|
| FLSA requires that the employer have notice that it has failed to provide an appropriate private place for lactation. (Dkt. # 18, at 6.) | The Second Amended Complaint adds factual allegations about the notice conveyed to the City and its officials about the need for an adequate lactation facility. The new or amended paragraphs are 421 – 424; 425m; 426-431. | No response |
| The FLSA violation began before the effective date of the PUMP for Nursing Mothers Act ("PUMP Act"), which was December 29, 2022. (Dkt. # 18, at 6.) | The Second Amended Complaint makes it clear that the violation continued beyond that date, but also alleges that, "These violations were committed by the City's final policymaking officials and were thus actionable prior to the effective date of the PUMP for Nursing Mothers Act ("PUMP Act"), December 29, 1922, under the 2010 Break Time for Nursing Mothers law and 42 U.S.C. Sec. 1983." (Second Amended Complaint, ¶ 501.) | No response. |
| The alleged failure to provide an appropriate place for lactation began before the PUMP for Nursing Mothers Act was amended to provide for more complete relief on April 28, 2023. (Dkt. # 18, at 7.) | The Second Amended Complaint acknowledges this and alleges that the violation continued after that date, up "through the August 6, 2023, expiration of the Act's protections one year after the birth of Plaintiff LeRette's child." (Second Amended Complaint, ¶ 501.) | No response |

Some of the Defendants' objections relate to the fact that the Plaintiff appeared to be seeking damages for emotional distress incurred during a period when such relief was not authorized by the FLSA. However, the Defendants cite no case where a motion to dismiss has been granted because a complaint sought an unavailable form of relief,

14

and it appears that such a flaw would not affect the course of the litigation because Rule

54(c), Fed. R. Civ. Pro. provides that, except in the case of a default judgment, a "final

judgment should grant the relief to which each party is entitled, even if the party has

not demanded that relief in its pleadings." An amendment that merely tightens up the

nature of the relief sought for different specified periods of an ongoing violation is not

one that changes the character of the litigation. *See, Select Creations, Inc. v. Paliafito Am.*,

*Inc.*, 830 F. Supp. 1213, 1218 (E.D. Wis. 1993)("Prejudice may result, for example, from

an amendment that changes the character of the litigation.")

### III.     Permitting the Plaintiff to File the Second Amended Complaint will not Prejudice any Defendant.

The Defendants are right that "undue prejudice to the opposing party is a valid

ground for denying leave to amend" (Defendants' Brief, dkt. # 21, at 3), but wrong in

claiming to have been prejudiced. The Defendants point to the lapse of time between

the commencement of the action and the filing of the Second Amended complaint, but

"delay by itself is normally an insufficient reason to deny a motion for leave to amend."

*Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). "Undue delay is

most likely to result in undue prejudice" when a combination of factors—"delay in

proceedings without explanation, no change in the facts since filing of the original

complaint, and new theories that require additional discovery—occur together." *J.P.*

*Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347

(N.D.Ind.2010).

In *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347

(N.D. Ind. 2010), the court held that granting a bank leave to amend its complaint

against a customer after the denial of its motion for summary judgment would result in

unfair prejudice to the customer because granting leave to amend would deprive

customer of some of the benefits of briefing and surviving summary judgment, would

introduce a new theory of the case at a late stage requiring the customer to duplicate

some discovery and litigation efforts, and would subject the customer to reopened

discovery. None of these factors, or anything like them, is present here.

### A.     The Defendants are not Prejudiced by the Correction of a Factual Error.

The sort of prejudice that can support a decision to deny amendment is not just a

showing that the amendment will make the case harder to defend or that it will

decrease the probability of a defense victory. All sorts of litigation tactics are quite

properly intended to achieve those ends.  Only those amendments that create an unfair

advantage or a slanted playing field work the sort of prejudice that can support denying

leave to amend. "Civil Rule 15(a) requires courts "to allow amendment unless there is a

good reason—futility, *undue* delay, *undue* prejudice, or bad faith—for denying leave to

amend." *Musa v. Comm'r of Internal Revenue*, 854 F.3d 934, 938 (7th Cir. 2017) *quoting*

16

*Life Plans, Inc. v. Security Life of Denver Ins.*, 800 F.3d 343, 358 (7th Cir. 2015), citing

*Foman v. Davis*, 371 U.S. 178, 182 (1962)(emphasis added).

The Defendants see prejudice in the fact that "Plaintiff now asserts that

Defendant Pope "placed" a chair in the shower stall, rather than Plaintiff herself" as

alleged previously. (Defendants' Brief, dkt. # 21, at 4.) This was, admittedly, the

correction of a drafting error committed by counsel in earlier versions of the complaint.

The Defendants do not point to anything they did or refrained from doing in reliance on

this mistaken allegation, nor do they attempt to argue that who placed the chair in the

shower stall is at all material to whether the law was violated. No prejudice is shown.

> **B.** ***Hindo v. University of Health Sciences*, 65 F.3d 608 (7th Cir. 1995) Does Not Support Rejection of the Second Amended Complaint.**

The Defendants believe that *Hindo v. University of Health Sciences*, 65 F.3d 608, 615

(7th Cir. 1995) supports their opposition to the Plaintiff's motion for leave to file her

Second Amended Complaint. (Dkt. # 21, at 4-5.) It does not. In *Hindo*, and in the case it

cited, *Sanders v. Venture Stores, Inc.*, 56 F.3d 771 (7th Cir. 1995), discovery was closed

when the amendment was sought. In *Sanders*, a summary judgment motion by the

defendant had already been fully briefed when the amendment was sought. Neither

*Hindo* nor *Sanders* cites any case where an amendment sought prior to the close of

discovery has been deemed properly denied for reasons of delay and prejudice.

1. The First Amended Complaint is not a "sure loser."

As shown above in Section I, the lactation claim and the claim for damages for installation of the tracker should not be dismissed even if the court considers only the First Amended Complaint. The Defendants' objections to the lactation claim as pleaded in the First Amended Complaint are either waived in their Answer or relate solely to the specification of the time periods for which the Court can grant certain types of relief. If the First Amended Complaint is defective in respect to these time periods, that defect is forgiven by Rule 54(c) Fed. R. Civ. Pro., which directs the Court to order appropriate relief whether it was sought in the pleadings or not. The installation of the tracker is pleaded in the factual section of the First Amended Complaint. (Dkt. # 13, ¶¶ 4056-4065; 4098.) The legal theory in the Second Amended Complaint, that the search represented by the installation of the tracker was not justified at its inception, was not explicit in the First Amended Complaint, but, as shown above in Sec. I.A., it is not necessary that any legal theory be pleaded at all and pleading the wrong theory is not fatal.

2. No Adjustment of the Trial Schedule will be Necessary.

In the cases that support denial of amendment based on delay and prejudice, there are factors at play that can really hurt an opposing party's opportunity to mount its best defense. For example, amendment is denied where new facts are alleged after discovery has ended, so the defendants cannot explore their evidentiary bases. That was

the case in *Hindo v. University of Health Sciences*, 65 F.3d 608, 615 (7th Cir. 1995). In contrast, amendment is commonly granted where an amendment is sought earlier in the life of a case. *See, e.g.*, *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016), where the court permitted amendment in the teeth of argument that adding new factual allegations six months after the documents upon which they were based were produced represented unacceptable delay and prejudice, and saying, "Courts in this Circuit have allowed amendment following longer delays." *Id.*, 317 F.R.D. at 77. It is also relevant that the statute of limitations had not run before the Plaintiff sought leave to amend her complaint. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

In this case dispositive motions are not due until March 6, 2026, discovery is permitted until August 7, 2026, and the trial is almost a year away, scheduled for September 28, 2026. To date, no depositions have been taken. While the Defendants say they "have conducted significant written discovery" (dkt. # 21 at 5), the record shows only one set of interrogatories and document requests. (Dkt. # 19-2.) The Defendants do not say that they would have conducted this discovery any differently if the Second Amended Complaint had been the operative pleading when they constructed it, and none of the interrogatories or document requests are rendered wasted by the Second Amended Complaint. The Second Amended Complaint was Proposed Immediately After the Defendants Surfaced Their Objections to the First Amended Complaint.

The Plaintiff acknowledges her "duty to seek to cure an earlier pleading at the earliest available opportunity, i.e., without undue delay." *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1219 (E.D. Wis. 1993). In this case, the Defendants' objections to the First Amended Complaint were first expressed in a draft motion for sanctions sent to counsel for the Plaintiff on September 9, 2025, along with a letter warning that "Unless the claims are withdrawn within 21 days, Defendants will file the enclosed Rule 11 motion and seek sanctions, including an award of attorney's fees." (Dkt. # 19-1.) The Plaintiff's motion for leave to file the Second Amended Complaint was filed less than a month later, on October 3, 2025. (Dkt. # 17.) The Defendants point to no cases where an amendment requested less than a month after the need for it was made apparent has supported denial of amendment on the basis of delay.

## Conclusion

The Defendants may be tempted to submit new facts and arguments in their final brief. They should keep in mind that "Ordinarily, this court follows the lead of the Court of Appeals for the Seventh Circuit, and considers waived arguments or facts raised for the first time in a reply brief." *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 2007 WL 5614112, 6 (W.D. Wis.)(Crabb, J.), citing *United States v. Adamson*, 441 F.3d 513, 521 n. 2 (7th Cir. 2006); *Peters v. Astrazeneca, LP*, 417 F. Supp. 2d 1051, 1054 (W.D. Wis. 2006). See also, *Elborough v. Evansville Community School Dist.,* 636 F.Supp.2d 812, 816 (W. D. Wis., 2009)("In accordance with circuit law and this court's summary judgment

procedures, I have not considered any evidence or argument submitted for the first time with the reply brief.")

The Defendants may move to amend their answer to properly plead their lack-of-notice defense. The Plaintiff will not oppose such a motion and it should be granted, because at this stage of the litigation no real prejudice could be claimed with a straight face.

Loosely accusing a litigation opponent of a "lack of diligence and integrity" (dkt. # 21 at 4) erodes the collegial culture of mutual respect between adversaries that has been a hallmark of the bar of this Court for decades. Ill-advised motions for sanctions waste the time of the Court and work against the speed and efficiency mandated by Rule 1. Something beyond a bloodless ruling may be called for here, but that is the Court's realm.

The Court should grant the Plaintiff's Motion for Leave to File her Second Amended Complaint and Deny the Defendants' Motion for Sanctions.

Dated this Saturday, October 25, 2025.

Respectfully submitted,

Mikayla Marie LeRette,

Plaintiff,

By

21

GONDIK LAW, S.C.
RICHARD S. GONDIK, JR.
State Bar Number 1011331
1215 Belknap St.
Superior, WI 54880-2820
Phone:          (715) 395-3180
Fax:            (715) 394-7786
Email:          richardgondik@gmail.com


THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI  53597-2502
Phone:          608 283-6001
Fax:            608 283 0945
E-mail:         jsolson@scofflaw.com


/s/    Jeff Scott Olson
_____

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF