IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MIKAYLA MARIE LERETTE,

    Plaintiff,

v.                                                                                                    Case No: 25-CV-183

THE CITY OF SUPERIOR, WISCONSIN,
THOMAS CHAMPAIGNE, JOHN KIEL,
JEFFREY HARRIMAN, AND MICHELLE POPE,

    Defendants.

### DEFENDANTS' UNOPPOSED MOTION
### TO EXTEND DEADLINE FOR DISPOSITIVE MOTIONS

Defendants, City of Superior, Thomas Champaign, John Kiel, Jeffrey Harriman, and Michelle Pope by their attorneys, Crivello, Nichols & Hall, S.C., hereby respectfully move this Court for a sixty (60) day extension of the dispositive motion deadline set in the Court's Preliminary Pretrial Conference Order. In support of this motion, Defendants state as follows:

### BACKGROUND

1. Plaintiff filed her original Complaint on March 7, 2025. (Dkt. 1).

2. Defendants City of Superior and Thomas Champaigne answered on May 6, 2025. (Dkt. 7).

3. The Court issued its Preliminary Pretrial Conference Order on June 11, 2025. (Dkt. 10). The Order set the dispositive motion deadline for March 6, 2026.

4. On June 22, 2025, Plaintiff filed an unopposed motion to extend the deadline to amend pleadings. (Dkt. 11). The Court granted that motion and extended Plaintiff's deadline to July 29, 2025. (Dkt. 12).

5. Plaintiff filed her First Amended Complaint on July 29, 2025. (Dkt. 13). Defendants answered on August 12, 2025. (Dkt. 14). The First Amended Complaint materially expanded the scope of this litigation by: (1) adding new defendants (John Kiel, Jeffrey Harriman, and Michelle Pope); and (2) asserting a new claim under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment, alleging a "wide-ranging campaign of discrimination."

6. On October 3, 2025, Plaintiff sought leave to file a Second Amended Complaint. (Dkt. 17).

7. On December 6, 2025, Defendants filed a Motion for Sanctions based on the allegations in the First Amended Complaint that had not been resolved by the Second Amended Complaint. (Dkt. 18). In briefing on the sanctions motion, Plaintiff conceded that: (1) the First Amended Complaint misapplied the governing Fourth Amendment standard (Dkt. 22 at 3–4); (2) the factual allegations regarding the lactation claim were incomplete (*id.* at 7–8); and (3) the proposed Second Amended Complaint sought to "finely tune" her theory (*id.* at 4).

8. On January 29, 2026, the Court granted Plaintiff's motion to amend and denied Defendants' motion for sanctions. (Dkt. 24).

9. Defendants answered the Second Amended Complaint on February 12, 2026. (Dkt. 26).

## DISCOVERY HISTORY

12. On July 17, 2025, Defendants served written interrogatories and requests for production on Plaintiff. (Zellner Decl. ¶ 2, Exhibit A).

13. Plaintiff served initial responses on August 15, 2025. (Zellner Decl. ¶ 3, Exhibit B).

14. On August 18, 2025, defense counsel sent correspondence pursuant to Federal Rule of Civil Procedure 37 identifying deficiencies in Plaintiff's responses and production. (Zellner Decl. ¶¶ 4, 5, Exhibit C).

15. On August 21, 2025, Plaintiff's counsel advised that supplemental responses would be served by August 29, 2025. (Zellner Decl. ¶¶ 6, 7, Exhibit D).

16. On September 5, 2025, Plaintiff served supplemental responses that, for the first time, identified: (1) the dates of alleged breast pump interruptions; (2) individuals with whom she communicated regarding breast pumping conditions; and (3) identified her relevant medical conditions. (Zellner Decl. ¶¶ 8, 9, Exhibit E; Supplemental Interrogatory Responses 8, 9, and 13).

17. Plaintiff also agreed to produce state and federal tax returns, communications relevant to the allegations in her complaint, and documents identified in her Initial Disclosures which she previously failed to produce during the week of September 8, 2025. (Zellner Decl. ¶¶ 8, 9, Exhibit E; Supplemental Request for Production Response 6, 8, 9).

18. To date, despite numerous follow-ups, Plaintiff has not produced her tax returns, nor has she produced complete, unredacted communications as agreed. (Zellner Decl. ¶¶ 11-13; Exhibit F).

19. Defendants do not want to depose Plaintiff without complete discovery responses. (Zellner Decl. ¶ 18).

## BASIS FOR EXTENSION

20. Although the Court previously noted that Defendants did not appear to need "any more than minimal additional discovery" (Dkt. 24 at 11), the procedural history demonstrates that the scope of this case has materially changed since entry of the Scheduling Order.

21. Defendants were required to expend significant time and resources briefing a motion for sanctions to address deficiencies in Plaintiff's Original and First Amended Complaints—deficiencies that Plaintiff ultimately conceded and corrected through further amendment.

22. The operative Second Amended Complaint was not answered until February 12, 2026—less than one month before the current dispositive motion deadline.

23. The claims and factual theories currently at issue differ meaningfully from those originally pled when the Court entered its Scheduling Order on June 11, 2025.

24. Courts in this District have held "[a]bsent unusual circumstance, if a party seeks to amend the complaint before the deadline provided in the pretrial

4

conference order, it will be granted without extending either the dispositive motion deadline or trial date." *Bastien v. U.S. Convergion, Inc.,* No. 03-C-0111-C, 2003 WL 23315782, at *1 (W.D. Wis. July 31, 2003). Here, two amendments after the deadline provided in the pretrial conference order were allowed without extending either the dispositive motion deadline or trial date.

19. Any delay in the progression of this matter has not been caused by Defendants. (Zellner Decl. ¶ 15).

20. Plaintiff does not oppose this motion. (Zellner Decl. ¶ 16).

## REQUESTED RELIEF

Defendants respectfully request that the Court extend the dispositive motion deadline by sixty (60) days, from March 6, 2026, to May 5, 2026. All other deadlines in the Court's Scheduling Order would remain unchanged unless further modification becomes necessary.

Defendants submit that this modest extension will promote a just, efficient, and orderly resolution of the case and will allow the parties to present fully developed dispositive motions addressing the operative Second Amended Complaint.

Dated this 25th day of February, 2026.

                    CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants, The City of Superior, Wisconsin, Thomas Champaigne, John Kiel, Jeffrey Harriman, and Michelle Pope

By:  */s/ Kiley B. Zellner*
      SAMUEL C. HALL, JR.
      State Bar No.: 1045476
      MAXWELL P. CONGDON
      State Bar No.: 1139726
      KILEY B. ZELLNER
      State Bar No.: 1056806
      710 N. Plankinton Ave., Suite 500
      Milwaukee, WI 53203
      Phone: 414-271-7722
      Email: shall@crivellolaw.com
             mcongdon@crivellolaw.com
             kzellner@crivellolaw.com